McFarland, J.,
delivered tbe opinion of the court:
The widow of John Smith caused an action to be in&ti *285 tuted in the name of his administrator against the N. & C. E. E. Co., for causing the death of the said John Smith. There was a recovery of $6,000, which was paid. In setting forth in said proceedings the name of the widow and children for whose use the suit was brought, the name of the widow and her children only were set forth, and the names of the children of said Smith by a former marriage, were omitted. After the recovery, the widow and her own children were proceeding to appropriate the entire recovery, less costs and expenses.
This bill was filed tó enforce equal distribution.
"We are of opinion that the complainants are entitled to the relief. The right of action is given to the personal representative for the benefit of the widow and next of Mn. It was not essential that the names of the children for whose use the action was brought, should have been set forth. At all events, it cannot be held that as part were named and the others were not, that the former are to have all the benefit of the recovery. This would put in the power of part to defraud the law and defear the others, particularly if part be minors.
The law determines who are to be entitled h> the benefit of the recovery. It is to be distributed as other personal estate, except that it is for use of the widow and next of kin free from the claims of the creditors. Code', 2291-2293. [Shannon’s Code, secs. 4025, 4026, 4028.]
That the children who are sought to be excluded declined or failed to assist in prosecuting the case, cannot change the result. The expenses, including compensation to the widow, for attending to the cause, has been paid out of the recovery.
We think there is no error in the account taken. The decree will be affirmed and the cause remanded to be completed upon the basis directed by the chancellor. The costs of this court will be paid out of the fund.